**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **vs.** | § | **Criminal No.  4:24-CR-00069** |
| | § | |
| **JONATHAN FREEMAN** | § | |

## SENTENCE DATA SHEET

**CITIZENSHIP:**    US

**GUILTY PLEA:**    Count 1, Count 2 and Count 3

**SUBSTANCE OF PLEA AGREEMENT:**    Defendant agrees to plead guilty to Counts 1 and 3 (Aiding and Abetting Interference with Commerce by Robbery) as well as Count 2 (Aiding and Abetting Brandishing of a Firearm During and in Relation to a Crime of Violence); if the Court accepts this plea agreement, the United States will move to dismiss any remaining counts of the indictment at the time of sentencing.

If the Court determines that Defendant qualifies for an adjustment under 3E1.1(a) of the United States Sentencing Guidelines, and the offense level prior to operation of section 3E1.1(a) is 16 or greater, the United States agrees not to oppose Defendant's request for an additional one-level departure based on the timeliness of the plea or the expeditious manner in which Defendant provided complete information regarding his role in the offense.

The United States agrees to recommend a sentence within the sentencing guidelines as calculated by the Court.

**COUNT 1 AND COUNT 3:**    Aiding and Abetting Interference with Commerce by Robbery - 18 U.S.C. § 1951(a)

**ELEMENTS:**    *First:* That the defendant knowingly acquired someone else's personal property

*Second*: That the defendant took the property against the victim's will, by using actual or threatened force, or violence and or causing the victim to fear harm, either immediately or in the future; and

*Third*: That the defendant's actions obstructed, delayed, or affected interstate commerce.

**PENALTY:**        Not more than 20 years in prison; a fine of up to $250,000

**ALTERNATIVE FINE BASED ON GAIN OR LOSS:**    Not Applicable

**SENTENCING GUIDELINES**    Advisory

**SUPERVISED RELEASE**    Not more than 3 years supervised release (18 U.S.C. §§ 3559(a)(1) and 3583(b)(1)); if the defendant violates the conditions of release, then the defendant may be imprisoned for up to 2 years without credit for time already served on the term of supervised release, 18 U.S.C. § 3583(e)(3).

**SPECIAL ASSESSMENT**    $100

**COUNT 2**        Aiding and Abetting Brandishing of a Firearm During and in Relation to a Crime of Violence - 18 U.S.C. § 924(c)(1)(A)(ii)

**ELEMENTS:**    *First:* That the defendant committed the elements of a crime of violence or drug trafficking crime prosecutable in federal court;

*Second*: The defendant knowingly brandished a firearm; and

*Third*: The brandishing of the firearm was during and in relation to, or in furtherance of, the defendant's crime of violence or drug trafficking crime.

**PENALTY:**    Minimum of 7 years in prison; consecutive to all other counts

**SPECIAL ASSESSMENT:**    $100

**ALTERNATIVE FINE BASED ON GAIN OR LOSS:**    Not Applicable

**SENTENCING GUIDELINES**    Advisory

**SUPERVISED RELEASE**   Not more than 5 years supervised release (18 U.S.C. §§ 3559(a)(1) and 3583(b)(1)); if the defendant violates the conditions of release, then the defendant may be imprisoned for up to 5 years without credit for time already served on the term of supervised release, 18 U.S.C. § 3583(e)(3).

**SPECIAL ASSESSMENT**   $100

**ATTACHMENTS**   Plea Agreement