UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | §   CRIMINAL NO. 4:24-cr-00069 |
| | § |
| JONATHAN FREEMAN, | § |
| Defendant. | § |

## PLEA AGREEMENT

The United States of America, by and through Alamdar S. Hamdani, United States Attorney for the Southern District of Texas, and Brian J. Hrach, Assistant United States Attorney, and the defendant, Jonathan Freeman ("Defendant"), and Defendant's counsel, pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### Defendant's Agreement

1. Defendant agrees to plead guilty to Count[s] One (1) Two (2) and Three (3) of the indictment. Count One (1) and Count Three (3) charge the Defendant with **Aiding and Abetting Interference with Commerce by Robbery**, in violation of Title 18, United States Code, Section 1951(a). Count Two (2) charges Defendant with **Aiding and Abetting Brandishing of a Firearm During and in Relation to a Crime of Violence**, in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii) and 2. Defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the punishment either charged in the indictment, or proved to a jury or proven beyond a reasonable doubt.

### Punishment Range

2. The **statutory** maximum penalty for each violation of Title 18, United States Code, Section 1951(a) is imprisonment for not more than twenty (20) years and a fine of not more than $250,000. Additionally, Defendant may receive a term of supervised release after imprisonment of not more than three (3) years. *See* Title 18, United States Code, Sections 3559(a)(1) and 3583(b)(1). Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for not more than two (2), without credit for time already served on the term of supervised release prior to such violation. *See* Title 18, United States Code, Sections 3559(a)(1) 3583(e)(3). Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

The **statutory** maximum penalty for a violation of Title 18, United States Code, Section 924(c)(1)(A)(ii), is imprisonment for a minimum of seven (7) years and a fine of not more than $250,000. Additionally, Defendant may receive a term of supervised release after imprisonment of not more than 5 years. *See* Title 18, United States Code, Sections 3559(a)(1) and 3583(b)(1). Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for not more than five (5), without credit for time already served on the term of supervised release prior to such violation. *See* Title 18, United States Code, Sections 3559(a)(1) 3583(e)(3). Defendant understands that the sentences on counts of 18 U.S.C. §924(c)(1)(A)(ii) are to run consecutively to any other sentence. Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

2

**Mandatory Special Assessment**

3.  Pursuant to Title 18, United States Code, Section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($100.00) per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

**Immigration Consequences**

4.  Defendant recognizes that pleading guilty may have consequences with respect to his/her immigration status. Defendant understands that if he/she is not a citizen of the United States, by pleading guilty he/she may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant understands that if he/she is a naturalized United States citizen, pleading guilty may result in immigration consequences, such as denaturalization and potential deportation or removal from the United States. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty, and Defendant affirms that he/she wants to plead guilty regardless of any immigration consequences that may result from the guilty plea and conviction.

**Waiver of Appeal, Collateral Review, and Statute of Limitations**

5.  Defendant is aware that Title 28, United States Code, Section 1291, and Title 18, United States Code, Section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, Section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or

3

"collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, Section 2255. In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

6. Defendant also agrees that should the conviction following the defendant's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this agreement (including any counts that the United States has agreed to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

7. In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he/she may have received from his/her counsel, the United States or the Probation Office, is a prediction and not a promise, did not induce his/her guilty plea, and is not binding on the United States, the Probation Office or the Court. The United States does not make any promise or representation concerning what sentence the defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines

4

are "effectively advisory" to the Court. *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

8. Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

### The United States' Agreements

9. The United States agrees to each of the following:

(a) If Defendant pleads guilty to Counts One (1), Count Two (2) and Count Three (3) of the indictment and persists in that plea through sentencing, and if the Court accepts this plea agreement, the United States will move to dismiss any remaining counts of the indictment at the time of sentencing. The defendant agrees that with respect to any and all dismissed charges he/she is not a 'prevailing party within the meaning of the 'Hyde Amendment,' Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law;

(b) If the Court determines that Defendant qualifies for an adjustment under U.S.S.G. § 3E1.1(a), and the offense level prior to operation of § 3E1.1(a) is 16 or greater, the United States will move under § 3E1.1(b) for an additional one-level reduction because Defendant timely notified authorities of his or her intent to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources more efficiently.

(c) The United States agrees to recommend that the Defendant be sentenced within the Sentencing Guidelines.

### Agreement Binding - Southern District of Texas Only

10. The United States Attorney's Office for the Southern District of Texas agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for the specific conduct described in the indictment/information. This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant. It does not bind any other

5

United States Attorney's Office. The United States Attorney's Office for the Southern District of

Texas will bring this plea agreement and the full extent of Defendant's cooperation to the attention

of other prosecuting offices, if requested.

### United States' Non-Waiver of Appeal

11. The United States reserves the right to carry out its responsibilities under guidelines

sentencing. Specifically, the United States reserves the right:

(a)     to bring the facts of this case, including evidence in the files of the United States Attorney's Office for the Southern District of Texas or the files of any investigative agency, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b)     to set forth or dispute sentencing factors or facts material to sentencing;

(c)     to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d)     to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, Section 3553(a); and

(e)     to appeal the sentence imposed or the manner in which it was determined.

### Sentence Determination

12. Defendant is aware that the sentence will be imposed after consideration of the United

States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the

provisions of Title 18, United States Code, Section 3553(a). Defendant nonetheless acknowledges

and agrees that the Court has authority to impose any sentence up to and including the statutory

maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be

imposed is within the sole discretion of the sentencing judge after the Court has consulted the

applicable Sentencing Guidelines. Defendant understands and agrees that the parties' positions

regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence

6

imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

### Rights at Trial

13. Defendant understands that by entering into this agreement, he/she surrenders certain rights as provided in this plea agreement. Defendant understands that the rights of a defendant include the following:

(a)     If Defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

(b)     At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and his/her attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on his/her own behalf. If the witnesses for Defendant would not appear voluntarily, he/she could require their attendance through the subpoena power of the court; and

(c)     At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, he/she could testify on his/her own behalf.

### Factual Basis for Guilty Plea

14. Defendant is pleading guilty because he is in fact guilty of the charges contained in Count(s) One (1), Two (2) and Three (3) of the indictment. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others would be offered to establish Defendant's guilt:

7

On June 1, 2023, Cash America Pawn Shop, located at 13706 Almeda Road, Houston TX, was robbed at gunpoint by two males. The robbery took place at approximately 12:18 PM. The males used a water bottle to keep the exit door open to ensure the doors could not be remotely locked. Male 1 (FREEMAN) pulled out a bag and began collecting money while male 2 (KELLY) brandished a pistol and pointed it at employees. Male Suspect 1's physical stature, including his height and weight, and neck and facial tattoos are consistent with FREEMAN. Employees were given commands by both men. FREEMAN pulled money out of the registers and the safe and placed the money in the bag he was carrying. Approximately $3000 in cash was stolen from the store's registers and safe. The subjects fled on foot north on FM521 and can be seen running into the parking directly north of the Cash America Pawn Shop. Approximately 10 seconds after both FREEMAN and KELLY enter the enclosed parking lot, the passenger door of a white SUV is opened and closed, then the white SUV exits the parking lot, at a fast rate of speed, and is driven north on FM 521 Road.

A 2003 white GMC Yukon bearing Texas license plates LWG6238 (hereafter referred to as LWG6238), missing a rear bumper and a front license plate, was identified as a vehicle of interest in this case. A vehicle appearing to be a GMC Yukon is seen from surveillance video from the Cash America Pawn Shop. The license plate could not be seen by the surveillance video from the Cash America Pawn Shop, so investigators used the Flock database to search for the vehicle. The Flock database consists of license plate reader cameras throughout the Houston area. The license plate of the white GMC Yukon, missing a rear bumper and a front license plate, was identified through the Flock database. The Flock database was searched for white SUVs that were missing a rear bumper, had no front license plate, and matched the appearance of the white SUV

8

seen on Cash America Pawn Shop surveillance video. LWG6238 was the only white SUV that was missing a rear bumper and a front license plate and matched the surveillance video from the Cash America Pawn Shop that was in the vicinity of the Cash America Pawn Shop before and after the robbery took place. At 11:28 AM, LWG6238 scans westbound on Almeda Genoa Road, from Scott Street, which is heading towards the Cash America Pawn Shop. At 1:20 PM, LWG6238 scans northbound on Kirby Drive, from Mowery Road, which is heading away from the Cash America Pawn Shop.

On June 23, 2023, Cash America Pawn, located at 8620 South Main Street, Houston, TX, was robbed by two males at gunpoint. The males again used a water bottle to keep the exit door open to ensure the doors could not be remotely locked. Male Suspect 1 (FREEMAN) pulled out a bag and began collecting money while Male Suspect 2 (KELLY) brandished a pistol and pointed it at employees. Both men gave employees commands. FREEMAN pulled money from the register and employees were instructed to gather money and give it to FREEMAN. KELLY saw a female in the back talking on the phone and told FREEMAN that they needed to go. Both men fled the scene on foot south on South Main Street. Approximately $5,000 in cash was stolen from the store. Approximately two minutes before the robbery took place, KELLY and FREEMAN are seen on the pawn shop's surveillance video standing outside of the Cash America Pawn, located at 8620 South Main Street, Houston, TX. FREEMAN walks in front of the pawn shop and stands smoking a cigarette. KELLY approaches FREEMAN and FREEMAN hands KELLY the cigarette. KELLY takes several puffs from the cigarette, then drops the cigarette before entering the pawn shop.

On July 24th, 2023, a traffic stop was conducted on the GMC Yukon bearing Texas license plates LWG6238, identified from the June 1st, 2023, robbery, by Houston Police Department

9

officers. Jonathan FREEMAN was the driver of the vehicle and Nicole Wooten was the passenger. FREEMAN and WOOTEN said that they live together in Houston, Texas. FREEMAN had open warrants and was arrested by the HPD Officers.

On August 3rd, 2023, FREEMAN was located at the Harris County Jail. FREEMAN made a phone call to 281-380-0840 at approximately 5:11 PM. FREEMAN informs the unknown male recipient of the call (hereafter referred to as UM) that he was charged with two aggravated robberies. UM responds that FREEMAN did not do anything. FREEMAN then says, "they put both uh pawn shops on me b****, you can see my face clear as day, I can't play with them folks. But the thing about it is I'm good because I just put the bottle between the door you know what I'm saying, grabbed the money." FREEMAN admitted to UM that he placed the water bottle in two of the pawn shops robberies and grabbed the money, which is consistent with the June 1st and June 23rd, 2023 pawn shop robberies.

**Breach of Plea Agreement**

15. If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, including required financial information, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

10

### Monetary Penalties, Assets and Financial Disclosures

16. Defendant understands and agrees that monetary penalties will be subject to immediate enforcement as provided in 18 U.S.C. § 3613 and that monetary penalties will be submitted to the Treasury Offset Program so that payments to the Defendant may be applied to federal debts.

17. Defendant understands that restitution, forfeiture, and fines are separate components of sentencing and are separate obligations. Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines. Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, any restitution order, any forfeiture orders, and any fines.

### Restitution

18. Defendant agrees to pay full restitution to the victim(s) regardless of the count(s) of conviction. Defendant stipulates and agrees that as a result of his criminal conduct, the victim(s) incurred a monetary loss of at least $ (to be determined). Defendant agrees to pay full restitution as determined by the Court, regardless of the resulting loss amount, to all victims harmed by Defendant's "relevant conduct," as defined by U.S.S.G. §1B1.3, including conduct pertaining to any dismissed counts or uncharged conduct, and regardless of whether such conduct constitutes an "offense" under 18 U.S.C. §§ 2259, 3663 or 3663A. Defendant agrees that restitution imposed by the Court will be due and payable immediately and that should the Court impose a payment schedule, the payment schedule sets forth minimum payments and does not foreclose additional

11

collection of restitution. (If this is a Child Sex Abuse Material ("CSAM") case, please use the

CSAM Plea Agreement go-by on the Aerie and USATABS.)

### Forfeiture

19.   As part of this plea agreement, Defendant agrees to the following:

(a) to forfeit, via either an administrative or judicial proceeding, all assets listed in the charging document (including any Supplemental Notice of Forfeiture), and to forfeit or abandon any assets seized during this investigation or a related investigation [including but not limited to the following specific assets:];

(b) to withdraw any claims and petitions for such listed or seized assets, whether in this proceeding or another proceeding, and to waive notice of administrative proceedings (including forfeiture, destruction, and abandonment for seized property);

(c) that Defendant obtained at least $ (to be determined) from the criminal offenses, that the factual basis for the guilty plea supports the imposition of a money judgment in that amount, and that the Defendant agrees to the imposition of a money judgment in that amount [or, if not agreed, that the Court will determine the proper amount of a money judgment];

(d) that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists, so that the forfeiture money judgment may be immediately satisfied via forfeiture of substitute property; and

(e) to the order of forfeiture becoming final as to Defendant immediately following this guilty plea or immediately following entry of the forfeiture order, whichever applies.

### Financial Statement

20.   Defendant agrees to truthfully complete under penalty of perjury, within thirty days of the execution of this Plea Agreement, a financial statement on a form provided by the United States Attorney's Office and to update the statement within seven days of any material change. Defendant also agrees to make full disclosure to the United States Probation Office of all current and anticipated assets in which Defendant has an interest both before sentencing and again before termination of supervised release or probation, with such disclosures to be shared with the United

12

States Attorney's Office.

21. Defendant further agrees not to dispose or transfer any assets without the prior written permission of the United States and to authorize the release of all financial information requested by the United States, including, but not limited to, credit histories and tax returns. Defendant agrees to discuss and answer any questions by the United States relating to Defendant's financial disclosure, including in a deposition or informal debtor exam, whether before or after sentencing.

## Complete Agreement

22. This written plea agreement, consisting of ___ pages, including the attached addendum of Defendant and his/her attorney, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel. Other than any written proffer agreement(s) that may have been entered into between the United States and Defendant, this agreement supersedes any prior understandings, promises, agreements, or conditions between the United States and Defendant. No additional understandings, promises, agreements, or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties. Defendant acknowledges that no threats have been made against him/her and that he/she is pleading guilty freely and voluntarily because he/she is guilty.

23. Any modification of this plea agreement must be in writing and signed by all parties.

Filed at __Houston__, Texas, on __July 22__, 2024.

__Jonathan Frew__
Defendant

Subscribed and sworn to before me on __July 22__, 2024

13

NATHAN KYLE OCHSNER
UNITED STATES DISTRICT CLERK

By: _____
     Deputy United States District Clerk

APPROVED:

     Alamdar S. Hamdani
     United States Attorney

By: _____      _____
     Brian J. Hrach                                  Marjorie A, Meyers
     Assistant United States Attorney      Attorney for Defendant
     Southern District of Texas

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS**

14

## HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:24-cr-00069 |
| | § | |
| JONATHAN FREEMAN | § | |
| Defendant. | § | |

## PLEA AGREEMENT -- ADDENDUM

I have fully explained to Defendant his/her rights with respect to the pending indictment/information. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. I have also explained to Defendant that sentences on multiple counts may be imposed to run consecutively to one another or to any other sentence. Further, I have carefully reviewed every part of this plea agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____
Attorney for Defendant

7/22/24
Date

I have consulted with my attorney and fully understand all my rights with respect to the indictment/information pending against me. My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case. I have read and carefully reviewed every part of this plea

15

agreement with my attorney.   I understand this agreement and I voluntarily agree to its terms.

_____          _____
Defendant                                       Date

16